STATE OF NORTH CAROLINA v. MARVIN PATRICK

No. 872SC640

(Filed 2 February 1988)

1. **Searches and Seizures § 6— execution of search warrant—defendant on premises—plain view**

    The trial court properly denied defendant's motion to suppress cocaine where officers were searching a house under a search warrant; defendant and

State v. Patrick

another man arrived after the search began; the officers identified themselves and told the men to remain because they might be searched as well; defendant fled the scene and was tackled by an officer; and a small packet containing a white powdery substance fell from defendant's clothing as he was being assisted to a standing position. Defendant was subject to detention because he arrived on the premises while the officers were executing the warrant and the seizure of the packet of cocaine was authorized under the plain view doctrine.

2. Searches and Seizures § 7— cocaine—search after warrantless arrest—probable cause to arrest

The trial court properly denied defendant's motion to suppress cocaine seized from defendant's person as a result of a search incident to arrest where an officer had received information that controlled substances were being used at a certain residence; the officer went to that residence and observed several men, including defendant, using a device commonly used to smoke controlled substances; the officer left to obtain a search warrant and returned to an empty house; defendant and another man appeared approximately five minutes after the search began and were told to remain because they might be searched; defendant fled the scene and was tackled by an officer; a packet of cocaine fell from defendant's clothing as he was assisted to his feet; defendant was arrested; and another packet of cocaine was found during a subsequent pat search for weapons. N.C.G.S. § 15A-401(b).

APPEAL by defendant from *Lewis (John B., Jr.), Judge.* Judgment entered 14 January 1987 in Superior Court, WASHINGTON County. Heard in the Court of Appeals 11 January 1988.

Defendant was charged in a proper bill of indictment with possession of more than one gram of cocaine. He was convicted as charged and appeals the judgment entered thereon.

The evidence for the State tends to show that on the evening of 5 September 1986, SBI agent David Barrington received information that controlled substances were being used at the residence of Bobby Kolikas. Acting on that information, Barrington went to that residence, approached the house and observed Kolikas and two unidentified males. One of these men, later identified as defendant, was using a "bong," a device commonly used to smoke controlled substances. Barrington left to obtain a search warrant for the residence and a van parked outside the house. He returned approximately thirty minutes later with the warrant and Plymouth police officer Stanley James. The officers knocked on the front door but received no answer. As they started to leave, Bobby Kolikas drove up in his van. After talking briefly with Barrington, Kolikas fled the scene. The officers then returned to the house and knocked on the door, identifying them-

selves and giving their authorization to search the premises. When no answer was received, they entered through the unlocked door and began the search.

Agent Barrington testified that defendant and another man appeared approximately five minutes after the search began. Barrington identified himself and informed both men that he had a search warrant for the premises. He also told them that they should remain because they might be searched as well. Both men sat down on the sofa but after a moment defendant fled the scene. Officer James pursued defendant and tackled him in the front yard. Agent Barrington testified that he and Officer James handcuffed defendant before lifting him from the ground. He also testified that as they assisted defendant to a standing position, a small packet containing a white powdery substance, found later to be cocaine, fell from defendant's clothing to the ground. The officers seized the packet and defendant was placed under arrest. Thereafter, the officers took defendant back into the house and made a pat search of his person to see if he was carrying a weapon. This search revealed another packet containing a white substance, also later found to be cocaine.

At trial, defendant made a motion to suppress the cocaine evidence on the grounds that he was merely a visitor at the residence described in the warrant and that there was no probable cause to search him. After hearing the evidence on the motion to suppress, the trial court made findings of fact and concluded that the search of defendant's person was proper. Defendant's motion was denied.

Defendant testified that on the evening of 5 September 1986 he attended a party at Kolikas's house. Defendant left the residence to purchase some beer. When he returned, he found two men inside the residence. He testified that he ran from the house when he learned the men were law enforcement officers because he knew there was an outstanding warrant against him for child support. Defendant denied ever using cocaine or knowing anything about the cocaine which was seized.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Thomas D. Zweigart, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Gayle L. Moses, for the defendant-appellant.*

SMITH, Judge.

[1]   In his sole assignment of error, defendant contends the trial court erred in denying his motion to suppress the controlled substance seized in violation of G.S. 15A-256, the North Carolina Constitution and the Fourth Amendment to the United States Constitution. He contends that he was not subject to detention and search pursuant to G.S. 15A-256 since he was not present at the time the officers entered the premises to conduct the search. He contends also that he was subject to an unreasonable search in violation of G.S. 15A-256 and the Fourth Amendment because law enforcement officers searched him prior to completing the search of the premises designated in the warrant. We disagree.

Defendant was properly detained under G.S. 15A-256. It provides in pertinent part:

*An officer executing a warrant directing a search of premises not generally open to the public or of a vehicle other than a common carrier may detain any person present for such time as is reasonably necessary to execute the warrant.* (emphasis added.) If the search of such premises or vehicle and of any persons designated as objects of the search in the warrant fails to produce the items named in the warrant, the officer may then search any person present at the time of the officer's entry to the extent reasonably necessary to find property particularly described in the warrant which may be concealed upon the person. . . .

Defendant arrived on the premises while the officers were executing the warrant and was thus subject to detention.

The second sentence of G.S. 15A-256 governing the search of persons present when a search warrant of private premises and vehicles is being executed does not apply in this case. The seizure of the first packet of cocaine was not the result of any search. Evidence presented indicated that the packet of cocaine fell out of defendant's pocket as he was being assisted by the officers. It was in plain view when the officers discovered it.

Constitutional guarantees against unreasonable searches and seizures do not apply where a search warrant is not necessary and where contraband is fully disclosed to the eye and hand. *State v. Harvey*, 281 N.C. 1, 187 S.E. 2d 706 (1972). When such

evidence is in plain view of law enforcement officers who legally have a right to be in a position to view the evidence, it is subject to seizure and admissible at trial. *State v. Mitchell*, 300 N.C. 305, 266 S.E. 2d 605 (1980), *cert. denied*, 449 U.S. 1085, 66 L.Ed. 2d 810, 101 S.Ct. 873 (1981).

The officers were lawfully on the premises pursuant to a valid search warrant, and they were authorized under G.S. 15A-256 to initially detain defendant in the house. Their discovery of the first packet of cocaine was the result of lawful detention and the seizure of that packet was authorized under the "plain view" doctrine.

[2] Once the first packet had been discovered, the two officers had probable cause to arrest defendant without benefit of a warrant. G.S. 15A-401(b) authorizes a law enforcement officer to arrest a person without a warrant when the officer has probable cause to believe that such person has committed a felony and will evade arrest if not immediately taken into custody.

Probable cause exists if at the time of arrest, ". . . facts and circumstances known to the arresting officer warrant a prudent man in believing that a felony has been committed and the person to be arrested is the felon." *State v. Zuniga*, 312 N.C. 251, 259, 322 S.E. 2d 140, 145 (1984), *cert. denied*, --- U.S. ---, --- L.Ed. 2d ---, 108 S.Ct. 359 (1987). "It [probable cause] is a pragmatic question to be determined in each case in light of the particular circumstances and the particular offense involved." *State v. Harris*, 279 N.C. 307, 311, 182 S.E. 2d 364, 367 (1971). *Accord Zuniga, supra.*

In this case, the facts and circumstances known to Officer James and Agent Barrington clearly warranted a belief that a felony had been committed, that defendant had committed it, and that he would evade arrest if not promptly taken into custody. Evidence set forth at trial and in the record reveals that Barrington received reliable information regarding drug activity in Bobby Kolikas's house and that prior to obtaining a search warrant he personally observed defendant in the Kolikas home using a "bong," a device often used to smoke controlled substances. These facts coupled with defendant's flight from the house after learning of the officers' identities and their purpose for being there and the discovery of the packet of white powder which had fallen

from defendant's clothing, gave the officers the probable cause they needed to arrest defendant without a warrant.

"Unquestionably, when a person is lawfully arrested, the police have the right, without a search warrant, to make a contemporaneous search of the person of the accused for weapons or for the fruits of or implements used to commit the crime." *Harris*, 279 N.C. 311, 182 S.E. 2d at 367. Thus, the second packet of cocaine found as a result of a search incident to defendant's arrest was properly seized and admissible at trial. We hold that the trial court properly denied defendant's motion to suppress.

No error.

Judges ARNOLD and WELLS concur.